# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PHILLIP AVERY SCALES,

      **Plaintiff,**

v.                                           Case No. 19-CV-1382

PATRICK NOONAN, *et al.*,

      **Defendants.**

## DECISION AND ORDER

Plaintiff Phillip Avery Scales, who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. Scales alleges that the defendants purposely kept him in the segregation unit during his various stays at the Racine County Jail for over a five-year period. The defendants filed a motion for summary judgment (ECF No. 73). The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 8, 28.)

At the outset, the defendants, in their reply brief, note that Scales failed to comply with the district's local rules governing motions for summary judgment. Civil Local Rule 56(b)(2) outlines what a party opposing a motion for summary judgment must file in response:

    (A) a memorandum of law;
    (B) a concise response to the moving party's statement of proposed findings of fact that *must* contain
        (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, *specific references* to the

> > affidavits, declarations, parts of the record, and other supporting materials relied upon, and
> > (ii) a statement, consisting of short numbered paragraphs of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph . . . .
> > (C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

Civ. L.R. 56(b)(2) (emphasis added). Scales's response is a two-page document entitled "Motion Opposing Defendants [*sic*] Summary Judgment." (ECF No. 79.) In his response, Scales states that the defendants' facts as a whole are inaccurate but does not specifically state why. (*Id.* at 1.) At most, he states that he will be able to show at trial that the defendants violated his constitutional rights. (*Id.* at 2.)

This response, in addition to not complying with the local rules, is wholly deficient. While district courts may overlook a plaintiff's noncompliance with local rules by construing the limited evidence in the light most favorable to the plaintiff, and can construe *pro se* submissions leniently, there is no requirement they do so. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); see also *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (recognizing that district courts are entitled to insist on strict compliance with the local rules). More importantly, the leniency with which the court construes *pro se* submissions does not relieve *pro se* plaintiffs of their obligation to show that genuine issues of material fact exist that preclude the entry of summary judgment for the movant.

On several occasions Scales was made aware of what was required of him to respond to summary judgment. The scheduling order issued by the court on November

2

Case 2:19-cv-01382-WED   Filed 01/07/22   Page 2 of 5   Document 83

9, 2020, contained the relevant Civil Local Rules and Federal Rules of Civil Procedure. (ECF No. 30.) The court also enclosed a guide with its scheduling order entitled, "Answers to Prisoner Litigants' Common Questions" that had information, written in an easy-to-understand manner, that explains what a summary judgment motion is and how a plaintiff should respond to such a motion. Also, the defendants provided Scales with the relevant rules of procedure when they filed their motion for summary judgment. (ECF No. 73.) Additionally, the same day the defendants filed their motion for summary judgment, the court sent a notice and order to Scales that stated in relevant part:

> In responding to the motion, Scales must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Scales must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.1 An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. Scales must also respond to the legal arguments in the brief.

(ECF No. 78 at 1-2.) The notice and order also informed Scales that, if he did not respond to the defendants' motion, there "may be sufficient cause for the court to grant the motion as a sanction for noncompliance with Civil L.R. 56 and this order." (*Id.* at 2.) The court also stated that, if Scales needed more time to prepare his response materials, he could ask for an extension of time. (*Id.*)

3

In short, Scales had ample opportunity and the means to properly respond to the defendants' motion for summary judgment, but he failed to submit any affidavits, sworn declarations, or other admissible documentary evidence supporting his arguments, or even substantively respond to the defendants' arguments. He was also made aware of the consequences should he fail to follow the rules. As such, the court accepts the defendants' proposed findings of fact as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment. Accordingly, the defendants' motion is granted, and the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment

under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 7th day of January, 2022.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge